UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOSEPH ANDREW JOHNS | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-238 |
| | ) | |
| HIGHWAY PATROL OFFICER | ) | |
| JASON MAXEY and TENNESSEE | ) | |
| HIGHWAY PATROL | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph Andrew Johns filed an application to proceed *in forma pauperis* on September 17, 2007. On September 20, 2007, this Court granted his motion to proceed *in forma pauperis*; however, the Court directed that the complaint not be served and ordered that the plaintiff amend his complaint to state the outcome of the criminal charge lodged against him on February 4, 2006. [Doc. 2]. He filed his amended complaint as directed on October 1, 2007. [Doc. 4].

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on the defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth*, the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2). Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

During screening, allegations in the complaint are taken as true and liberally construed in plaintiff's favor. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) ("We must 'construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true.'") (alteration in original) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). Further, as with all pleadings submitted by *pro se* litigants, the complaint is held to less stringent standards than those drafted by attorneys. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the court must dismiss a case at any time if it determines the action is frivolous, malicious or fails to state a claim upon which the court may grant relief. "Dismissal of a complaint for the failure to state a claim on which relief may

2

be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## I. Allegations of the Complaint

Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 for alleged violation of his Fourth and Fourteenth Amendment rights. Under the statement of his claim, plaintiff states as follows:

> I Joseph Johns be a citizen of the United States wish to file this lawsuit against the T.H.P. officer Jason Maxey and the Tennessee Highway Patrol. On February 4, 2006 T.H.P. (Tennessee Highway Patrol) officer Jason Maxey stopped Joseph Johns' vehicle on Highway 31 in Hancock county Tennessee. During stop office [sic] Jason Maxey violated Joseph's 4th and 14th amendment right. (Please see attachment)
>
> Went to criminal court for incident Nov. 28, 2006.

In his attachment to the complaint, plaintiff further alleges as follows:

> I Joseph Johns being a citizen of the United States wish to file this lawsuit against THP Officer Jason Maxey and the Tennessee Highway Patrol. I am seeking punitive damages of $150,000 for embarrassment, defamation of my character, and false arrest. In the following statements below the court will see that my 4th and 14th amendment rights were violated.
>
> On February 4, 2006 THP Officer Jason Maxey did stop Joseph Johns in Hancock County on Highway 31. He followed me for an estimated 2 miles before pulling me

3

over. He asked me to submit to a field sobriety test which
I did, the officers tape will show I did without a doubt have
no issues with. After I passed the sobriety test Officer
Maxey asked if he could search my car. I told him no and
he asked why so I replied, "because I told you no". Officer
Maxey then asked me to turn around and put my hands
behind my back. He then placed me under arrest for DUI
which violated my 14th amendment rights. He then
proceeded to conduct an unreasonable search of my
property. When filling out the affidavit of complaint and
arrest warrant Officer Maxey made false statements which
the video will reveal. When Officer Maxey made this false
arrest of me he deprived me of liberty and property.

In the amended complaint filed as a result of the Court's order, plaintiff states as follow:

> As the court has requested I am filing this amended
> complaint to explain the outcome of my criminal court
> appearance. I made a plea agreement in criminal court on
> November 28 2006 of Hancock County for no contest as I
> did not have the money to prove my innocents [sic] at the
> time. I also did not have money to pay the jury for a jury
> trial. Due to lack of funds I agreed to a no contest plea with
> the state on the charges to retain my innocents [sic]
> . . .

## II. Analysis

Plaintiff contends that his Fourth Amendment rights were violated because he was falsely arrested, *i.e.*, there was no probable cause to arrest him, and that he was subjected to an unreasonable search subsequent to the arrest. The Fourth Amendment secures a person's right to be free from unreasonable searches and seizure. Any arrest

4

requires probable cause. *See Centanni v. Eight Unknown Officers*, 15 F.3d 587, 592 (6th Cir. 1994). "[A] warrantless arrest must be supported by the existence of probable cause of sufficient weight to support a belief that the *individual detained committed a criminal offense*." *United States v. McNeal*, 955 F.2d 1067, 1071 (6th Cir. 1992) (emphasis in original). As long as there is probable cause to make an arrest, a warrantless arrest does not violate the Fourth Amendment. *United States v. Strickland*, 134 F.3d 412, 415 (6th Cir. 1998) (citing *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1998)). An arrest without probable cause does violate the Fourth Amendment. *Crockett v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003).

To prevail on his Fourth Amendment false arrest claim, plaintiff is required to prove he was arrested without probable cause. *Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997). Plaintiff cannot meet this burden since the issue of probable cause has been determined in the state court criminal proceedings and plaintiff is now collaterally estopped from relitigating the issue of probable cause. The United States Court of Appeals for the Sixth Circuit has repeatedly held state court judgments must be given the same preclusive effect in federal court as they would be in the courts of the rendering state. *City of Canton, Ohio v. Maynard*, 766 F.2d 236, 237 (6th Cir. 1985) (per curiam); *Fellowship of Christ Church v. Thorburn*, 758 F.2d 1140, 1144 (6th Cir. 1984) (per curiam). Application of the collateral estoppel doctrine is

5

mandated by 28 U.S.C. § 1738 which provides that judicial proceedings in any state court "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state." *Donovan v. Thames*, 105 F.3d 291, 293 (6th Cir. 1997).

Plaintiff is estopped, moreover, from arguing that his arrest was made without probable cause regardless of whether he pled guilty to the resulting offenses, was found guilty by a jury or pleaded no contest. *See Walker v. Shaffer*, 854 F.2d 138, 142-43 (6th Cir. 1988); *Hemphill v. Haglund*, 45 Fed. Appx. 519, 520 (6th Cir. 2002). In *Walker*, the issue before the Sixth Circuit was whether a plea of *nolo contendere* (no contest) made by a criminal defendant in state court precluded that defendant from asserting in federal court that the police lacked probable cause to arrest him. The plaintiffs in *Walker* had pled no contest to charges of disorderly conduct and reckless driving. They then brought a § 1983 action claiming that there had not been probable cause to arrest them. The Sixth Circuit reversed the district court and held that the *nolo contendere* pleas made by the plaintiffs in the state court criminal proceedings precluded them from asserting in federal court that the officers had lacked probable cause to arrest them. *Walker*, 854 F.2d 142-143.[1]

---

[1] Under Tennessee law, "a plea of *nolo contendere,* on which there has been a judgment on conviction is treated the same as a judgment on conviction on a guilty plea." *State v. Davenport*, No. C.C.A. 88-19-III, 1988 WL 119320, * 4 (Tenn. Crim. App. Nov. 10, 1988). In addition, "[a]n accepted plea of *nolo contendere* becomes no less than an implied confession of guilt. For all purposes of the case

6

Likewise, Johns' claim that he was subjected to an unreasonable search after he was placed under arrest lacks merit as well. Taking all the evidence in the light most favorable to Johns, the search was either a search incident to lawful arrest, *see NewYork v. Belton*, 453 U.S. 454, 460 (1981) or a necessary protective search, *see Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983). In addition, Johns' claim that he was unlawfully searched is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); *See Fox v. Michigan State Police Department*, 173 Fed. Appx. 372 (6th Cir. 2006). A finding in this case in favor of Johns on his claim that he was unlawfully searched would "necessarily imply the invalidity of his conviction" for DUI. *Heck*, 512 U.S. at 487.

Additionally, THP Officer Maxey would be shielded from a suit for damages by qualified immunity. "The standards for qualified immunity in the context of arrests are well-defined. Qualified immunity shields police officers from a suit for damages if 'a reasonable officer could have believed [plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.'" *McBride v. Maynard*, 1999 WL 16661, *1 (6th Cir. Jan. 6, 1999) (quoting *Hunter v.*

---

only, a plea of *nolo contendere* is equivalent to a plea of guilty and satisfies the public interest as to the final determination of the issue of guilt." *Id.* "A plea of *nolo contendere* admits every essential element of the offense, . . . and it is tantamount to an admission of guilt for purposes of the case in which the plea is entered." *State v. Sullivan*, No. W1999-00941-C.C.A.R.3-CD, 2000 WL 1664285, *1 (Tenn. Crim. App. Oct. 23, 2000) (quoting *Teague v. State*, 772 S.W.2d 932, 943 (Tenn. Crim. App. 1988)).

7

*Bryant*, 502 U.S. 224, 227 (1991)). "Immunity is afforded even if law enforcement officials 'reasonably but mistakenly conclude that probable cause is present.'" *McBride*, 1999 WL 16661 at *1. "[P]robable cause to arrest existed if 'at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that a crime occurred.'" *Id.* Plaintiff's no contest plea to the charges lodged on February 4, 2006, establish probable cause for the arrest and therefore Officer Maxey would be shielded from liability in a suit for damages.

There is an additional reason why plaintiff's complaint must be dismissed. This Court may dismiss the complaint *sua sponte* as time barred where it is obvious from the face of the complaint that the statute of limitations has run. *Alston v. Tennessee Department of Corrections*, No. 01-5818, 2002 WL 123688, at *1 (6th Cir. Jan. 28, 2002) (unpublished) ("because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.") *See also Jones v. Bach*, 549 U.S. 199 (2007) ("a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

The statute of limitations for a § 1983 action is the "state statute of limitations

applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). It has long been clear under Sixth Circuit precedent that the limitations period for § 1983 actions arising in Tennessee is the one (1) year limitations provision found in Tenn. Code Ann. § 28-3-104(a). *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). The Tennessee statute provides that all actions for "injuries to the person" as well as "[c]ivil actions for compensatory or punitive damages, or both, brought under the Federal Civil Rights Statutes" shall be commenced "within one (1) year after the cause of action accrued." *Id.* Clearly the plaintiff's cause of action in this case arose on February 4, 2006, at the time of his claimed false arrest, and his complaint is subject to dismissal because it is barred by the applicable statute of limitations.

Accordingly, it is hereby **ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE** and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of defendants. Plaintiff's pending motion to preserve evidence, [Doc. 5], is **DENIED AS MOOT**. The Court further certifies that any appeal would not be taken in good faith.

So ordered.

ENTER:

                 <u>s/J. RONNIE GREER</u>
                UNITED STATES DISTRICT JUDGE